## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NATASHA ST. ONGE,** | |
| *Plaintiff,* | **Civil Action No. 1:21-cv-10321** |
| **v.** | |
| **CURRY COLLEGE and NYSHA SANCHEZ,** | |
| *Defendants.* | |

## PROTECTIVE ORDER

Pursuant to <u>Fed. R. Civ. P. 26(c)</u>, the following provisions shall govern the disclosure and use of all Confidential Information disclosed in the course of discovery in this action.

### Definitions

1.      "Confidential Information" means any information in any form (including without limitation a document, electronically stored information, witness testimony, or response to written discovery), which (a) is provided by a Party or third party in the course of discovery in this Action, (b) contains any student, employee, business, financial, proprietary or other commercially or personally sensitive Information, and (c) a Party has designated as Confidential Information in accordance with the terms of this Protective Order.

2.      "Designating Party" means the Party that designates the information at issue as Confidential Information pursuant to this Protective Order.

Designation of Confidential Information

3.      A Party shall designate as Confidential Information only information that the Party or third party providing the information (a) has a good faith interest in preserving as confidential, or (b) has a legal responsibility to another person or entity to preserve the private, confidential, or

1

proprietary nature of the Information.  Without limiting the foregoing, Confidential Information shall include all "education records" as that term is defined under theFamily Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA").

4.      A party may designate any document as Confidential Information by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated as Confidential Information prior to or at the time ofthe production or disclosure of the documents. The designation as Confidential Information does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

5.      Any Party may designate the appropriate portions of any deposition transcript or videotaped deposition transcript (including exhibits) as containing Confidential Information by so advising the deposition reporter in the course of the deposition and indicating in the deposition transcript and on the videotape what portions of the testimony (or deposition exhibits)were so designated, or by so advising all other Parties of the pages designated as Confidential Information within fourteen (14) days after receipt of the transcript by the Designating Party. Until fourteen (14) days have passed after the receipt of any transcript by the Designating Party, the entire transcript and videotape shall be deemed to contain Confidential Information.

6.      Any Party may designate documents produced by third parties pursuant to subpoenas as Confidential Information. Counsel for the subpoenaing party must promptly disclose the subpoenaed documents to all other counsel of record, who have fourteen (14) days from the date of receipt of the documents to designate any of the documents as Confidential Information. Until fourteen (14) days have passed after receipt of the documents by the Designating Party, the

documents shall be deemed to contain Confidential Information.

7.      Inadvertent failure to designate information as Confidential Information at the time of production pursuant to this Protective Order may be remedied by supplemental written notice given by the Designating Party. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be fully subject to this Protective Order as if they had been initially so designated.

## Challenges to Designation as Confidential Information

8.      Any designation or non-designation of information as Confidential Information is subject to challenge by any Party. If a Party elects to object to a designation or non-designation of information as Confidential Information, or to dispute the limitations on access to be accorded such information under this Protective Order, such Party shall provide to the Party that produced the information written notice of its disagreement and shall specifically identify the information in dispute.  If, despite a good faith effort, the dispute cannot be resolved informally by the Parties, the Party contesting the designation, non-designation, or restriction on access may seek relief from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court for the District of Massachusetts. The Party asserting the designation of information as Confidential Information shall bear the burden of demonstrating that the information is entitled to protection from disclosure under applicable law. Pending the Court's ruling, the Party contesting the designation shall continue to treat the information in the manner required by this Protective Order. Failure to seek relief from the Court within thirty (30) days of the notice waives any designation of the information as Confidential Information.

## Restrictions on Use and Further Disclosure of Information

9.      All information produced in discovery in this action, whether or not designated as

Confidential Information, shall be used by the Party receiving such information solely in connection with this litigation or in settling this action.

10.     Except with the prior consent of the Designating Party or upon prior order of the Court, information designated as Confidential Information shall not be disclosed by any Party to any person other than the following:

(a)     the Parties and their officers, administrators, and trustees, solely for the purpose of prosecuting, defending, appealing, or settling the action;

(b)     counsel for the Parties, including in-house counsel, and the secretaries, legal assistants, or other support personnel who are employees of the Parties' counsel to the extent reasonably necessary to assist the Parties' counsel in this litigation;

(c)     experts, consultants, and litigation support vendors not employed by any Party, but who are expressly retained to assist counsel of record for the Parties and the employees of such persons;

(d)     the Court, Court personnel, and jurors;

(e)     court reporters and videographers who are retained to transcribe or videotape testimony in this action;

(f)     any deponent in this action;

(g)     actual or potential witnesses in this action;

(h)     the Parties' insurers and their counsel; and

(i)     mediators or other persons engaged in alternative dispute resolution who shall be advised of and shall agree to the confidentiality requirements in advance of being provided with any Confidential Information.

4

11.        Any person entitled to receive Confidential Information pursuant to Paragraph 10, other than those persons identified in Paragraphs 10(a), 10(b), 10(d), and 10(e) shall, prior to receiving such Information, read this Protective Order and execute an Acknowledgement and Agreement in the form attached hereto, indicating that he or she has read this Protective Order and will abide by its terms. The signed statement shall be retained by counsel disclosing the "Confidential" information.

12.        If information designated as Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties and, without prejudice to other rights and remedies of any Party, shall make a reasonable, good-faith effort to retrieve such information and to prevent further disclosure by it or by the person who received such information.

13.        Information designated Confidential Information may not be filed on the Court's public docket unless (a) the filing Party has filed a motion to impound pursuant to Local Rule 7.2 and the Court has denied a motion to impound, (b) the Parties agree to waive the designation of the information as Confidential Information, (c) the Parties agree to redactions of references to the Confidential Information, or (d) the designation of the information as Confidential Information has been removed by the Court pursuant to Paragraph 8 above.

14.        All provisions of the Protective Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the Parties agree otherwise in writing. Any and all originals and copies of Confidential Information designated by the Parties shall, at the request of the Designating Party, be returned to the Designating Party or destroyed at the Designating

Party's expense, within one month after a final judgment has been entered in this action and the time for appeals has expired, except that counsel for each Party may maintain in their files copies of each pleading and litigation document filed with the Court, each written discovery request and written response thereto, and each deposition transcript. Nothing in this paragraph shall require any Party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information.

15.     Neither this Protective Order nor any Party's designation of information as Confidential Information shall affect the admissibility into evidence of the information so designated.

16.     Nothing in this Protective Order constitutes an agreement regarding the scope of discovery.

17.     If a Party determines that it has inadvertently produced documents or materials that are subject to a claim of privilege or immunity, or otherwise protected from disclosure, the Party shall inform counsel for each other Party of the inadvertent production in writing, and counsel for each Party shall take reasonable steps to ensure that all known copies of any such documents are promptly destroyed or returned to the disclosing Party. Inadvertent production of privileged or otherwise protected discovery materials will not be deemed to have waived any privilege.

18.     This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

**SO ORDERED:**

**/s/ ANGEL KELLEY**
**Angel Kelley**
**United States District Judge**

**Dated: 11/18/2021**

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NATASHA ST. ONGE,** | |
| *Plaintiff,* | **Civil Action No. 1:21-cv-10321** |
| **v.** | |
| **CURRY COLLEGE and NYSHA SANCHEZ,** | |
| *Defendants.* | |

**ACKNOWLEDGEMENT AND AGREEMENT**

I hereby certify that I have read the Confidentiality Stipulation and Protective Order entered in the above-captioned litigation. I hereby agree to be bound by the terms of the Protective Order and to submit personally to the jurisdiction of this Court for purposes of enforcing my agreement to be bound by the terms of the Protective Order.

I hereby agree that I will use any documents or other material designated as "CONFIDENTIAL" in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

_____
Signature

_____
Printed name

_____
Date

**Certificate of Service**

I certify that on November 5, 2021, this document was filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically and by paper to the Registered Participants identified in the Notice of Electronic Filing.

/s/ *Tara J. Davis*
Tara J. Davis